UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:12-CR-65-REW-HAI |
| | ) | |
| CHARLES TERRY TENHET, | ) | |
| | ) | OPINION & ORDER |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

Defendant Charles Tenhet moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). DE 237. Per prior Orders, the United States responded and a Court Reporter, Ms. Lisa Wiesman,[1] transcribed Mr. Tenhet's rearraignment and sentencing hearings. *See* DE 244–46 (Transcripts). The Court, on initial review of the relevant record entries—including the initial briefing, the transcriptions, Defendant's plea agreement, DE 178 & 179, the operative judgment, DE 185, sealed Statement of Reasons, DE 248-1, and USPO's Post-Sentencing Report, DE 248—made the following observations:

> Tenhet contends that, in light of *Hughes v. United States*, 138 S. Ct. 1765 (2018), he is entitled to a sentence reduction pursuant to U.S.S.G. Amendment 782. DE 237. Section 3582(c)(2) authorizes a sentencing reduction for a defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). The *Hughes* Court held that a prisoner, like Tenhet, that pleads guilty pursuant to an agreement specifying a particular sentence under Criminal Rule 11(c)(1)(C), and that otherwise qualifies under § 3582(c)(2), is eligible for a sentence reduction "to the extent the prisoner's Guidelines range was a relevant part of the [sentencing or plea acceptance] framework[.]" 138 S. Ct. at 1778. Moreover:

---

[1] Present for both proceedings. *See* DE 175, 177, 180 (Minute Entries).

1

> In federal sentencing the Guidelines are a district court's starting point, so when the Commission lowers a defendant's Guidelines range the defendant will be eligible for relief under § 3582(c)(2) **absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines.**

*Id.* at 1776 (citing *Koons v. United States*, 138 S. Ct. 1783, 1787 (2018)) (emphasis added). Put differently, a § 3582(c)(2) qualifying sentence— *i.e.*, one "'based on' a lowered Guidelines range"—requires that a subsequently reduced range "have at least played **a relevant part** in the framework the sentencing judge used in imposing the sentence." *Koons*, 138 S. Ct. at 1788 (cleaned up) (emphasis added); *see also United States v. Dodds*, 772 F. App'x 733, 736 (10th Cir. 2019) (finding *Hughes* inapplicable and that "neither the plea agreement, the change of plea transcript, nor the sentencing transcript even mentioned the drug quantity Guidelines").

With his motion, Tenhet acknowledges that his plea did not "directly reference" the Guidelines but contends that "they are understood to have played a role in the sentence given [that] the Court is required to consider the Guidelines before accepting a plea deal." DE 237 at 4–5. True or not, Tenhet is not entitled to relief simply because some aspect of the Guidelines played an unspecified part in his sentencing. "What matters, instead, is the role that the Guidelines range played in the selection of the sentence eventually imposed[.]" *Koons*, 138 S. Ct. at 1789. Though "consideration of the range[ ]" may serve "as the starting point[,]" unless the range forms the "foundation" of the "sentence[ ] ultimately selected[,]" the sentence is not "based on" a reduced range for § 3582(c)(2) purposes. *Id.*

Tenhet claims that his pre-Amendment 782 Guideline range was 97–120 months, based on an offense level of 30 and a criminal history category of I. DE 237 at 4. Per Tenhet, his amended range would be 78–97 months. *Id.* Defendant offers no proof in support of the posed calculations and cites no record support.

The Court has thoroughly reviewed the filings relevant to Defendant's plea and sentencing and notes as follows:
1. The Post-Sentencing Report includes no Guideline calculations, no offense level analysis, or § 2D1.1 drug quantity tabulation;
2. The sealed Statement of Reasons reflects no determination of any Guideline range;
3. The transcript of Tenhet's December 18, 2013, combined rearraignment and sentencing proceedings includes no mention of the words "Guideline" or "range" (nor any mention of drug quantities or offense levels), *see* DE 245–46; and

> 4. Defendant waived preparation of a presentence investigation report, *see* DE 180.

DE 247 at 1–3. Given Tenhet's *pro se* status, the Court gave Defendant 21 days to "substantiate his claim regarding a pre-amendment 97–120 month Guideline range and to show that such range 'played a relevant part in the framework' that Judge Thapar 'used in imposing the sentence.' *Koons*, 138 S. Ct. at 1788." *Id.* at 3–4.

Tenhet's motion supplement confirms that he lacks proof to corroborate the previously asserted Guideline calculation. *See* DE 249; *see also* DE 250 (Gov. Resp. Supp.). Rather, Defendant explains that his claim was based on his "lay understanding [and] assumption of applicable range when looking at [his] sentence." *Id.* The Court scoured the record for evidence of any Guideline influence in Defendant's sentencing and came up empty. Indeed, the filings indicate that neither the USPO or Judge Thapar even **calculated** a Guideline range for Defendant. Tenhet's unsubstantiated postulation cannot fill this record's Guideline-proof void.

The parties, through the plea agreement, jointly recommended expedited sentencing for Tenhet. *See* DE 178 at ¶ 8. After accepting Defendant's plea (at what was ultimately a combined rearraignment/sentencing hearing), Judge Thapar proposed an abbreviated (30–45 day) period for USPO pre-sentencing investigation. *See* DE 245 at 25. However, the defense—noting Judge Thapar's extensive familiarity with the matter and concerns regarding Tenhet's local confinement conditions—strenuously advocated for (and the Government did not oppose) immediate sentencing. DE 245 at 25–27. Initially, Judge Thapar expressed concern[2] that the 120-month agreed sentence might be "pretty lenient" for a "professional that floods the community with oxycodone." *Id.* at

---

[2] Though noting the absence of "a presentence report to validate" same. *Id.* at 27.

27–28. However, the parties, through additional proffer and argument, *see* DE 246 at 2–3, provided information that Judge Thapar found sufficient to "meaningfully exercise [ ] sentencing authority under 18 U.S.C. § 3553" in the absence of a PIR. Fed. R. Crim. P. 32(c)(1)(A)(ii); *see* DE 245 at 30–31 (detailing basis for 32(c)(1)(A)(ii) finding). Judge Thapar then proceeded immediately to sentencing, and, ultimately, accepted (and imposed) the agreed 120-month sentence. Unorthodox process, but process the parties sought.

In sum, Tenhet's sentencing proceeded without any presentencing investigation or Guideline calculation. Thus, logically, the (now Amendment 782-reduced) § 2D1.1 drug Guidelines (the basis for Defendant's motion) did not, in any relevant way, influence Judge Thapar's sentence selection. Tenhet failed to independently supply (or point to any extant record) evidence suggesting that a Guideline range played a part—much less a foundational role—in Judge Thapar's sentencing analysis. Instead, the full record clearly demonstrates that Judge Thapar "would have imposed the same sentence regardless of the Guidelines." *Hughes*, 138 S. Ct. at 1776.[3] Thus, Tenhet is not eligible for a sentencing reduction under § 3582(c).

---

[3] Tenhet's hearsay recitation of alleged statements by AUSA Rosenberg regarding Defendant's potential reduction eligibility does not salvage the effort. *See* DE 249 (asking the Court to consider Tenhet's "interview with AUSA Gregory Rosenberg" as discussed in correspondence accompanying original motion); DE 237 at 9–10 (referenced letter). Even if the Court ignored the apparent evidentiary issues and accepted Tenhet's version as accurately reflecting Mr. Rosenberg's view, it is not the prosecutor's prediction, but Judge Thapar's sentencing analysis that decides Defendant's eligibility for the relief sought. *See Koons*, 138 S. Ct. at 1789.

For these reasons, the Court **DENIES** DE 237.

This the 13th day of January, 2020.

Signed By:
*Robert E. Wier*
United States District Judge